No. 52,051

STATE OF KANSAS, *Petitioner,* v. KERRY J. GRANGER, *Respondent.*

(613 P.2d 954)

Opinion filed July 18, 1980.

*Roger N. Walter,* disciplinary counsel, argued the cause and was on the brief for the petitioner.

*William L. Mitchell,* of Mitchell and Henry, of Hutchinson, argued the cause, and *Randall C. Henry,* of the same firm, was with him on the brief for the respondent.

*Per Curiam:* This is an original proceeding in discipline against the respondent, Kerry J. Granger, a member of the Kansas bar practicing in Reno County. The Kansas Board for Discipline of Attorneys recommended indefinite suspension from the practice of law. Respondent filed his exceptions to the report and recommendations of the board and the matter is here for determination by this court.

The recommendations of the board were based upon a single complaint filed against the respondent. The complaint arose from the attorney-client relationship between the respondent and the complainant, Jerry Eugene Coffman, and the representation of the complainant by respondent on two felony charges in the district court of Saline County. The complainant was charged with one count of aggravated battery and one count of aggravated assault. Complainant was tried and convicted on both counts on November 12, 1976, and was sentenced on November 29, 1976. The appeal bond was set at $17,000. The bond was posted by the complainant and he was released from custody on December 13, 1976. On April 11, 1977, the respondent filed a notice of appeal on behalf of the complainant. On April 16, 1977, the respondent received $500 from the complainant to purchase a transcript for use on the appeal.

Thereafter, the respondent took no action to perfect the appeal in compliance with the appellate rules of the Kansas Supreme Court. On September 29, 1977, the county attorney for Saline County filed a motion to dismiss the appeal in the trial court, requesting a hearing on the motion. On the following day, September 30, 1977, the respondent ordered a transcript of the trial proceeding from the reporter by telephone. The transcript was promptly prepared by the reporter and was filed in the district

court on October 26, 1977. Respondent again failed to take action to perfect the complainant's appeal. He did not file the appellant's brief within the time allowed by the appellate rules. On March 17, 1978, the county attorney filed a second motion in the trial court to dismiss the complainant's appeal and the motion was set to be heard on April 4, 1978. The respondent then filed a motion in the district court to withdraw from representing the complainant. On April 4, 1978, at the hearing on the motions, the district court found that there had been a whole and complete failure to prosecute the appeal as provided by law. The district court issued an order revoking the complainant's appeal bond and the complainant was thereafter taken into custody and transported to Kansas State Penitentiary on April 7, 1978. The district court denied respondent's request to withdraw as attorney for the complainant. By letter dated April 14, 1978, to the Kansas Supreme Court, the respondent requested that complainant's appeal be docketed and the appeal was docketed by the Clerk of the Appellate Courts on April 18, 1978.

Thereafter, the respondent again failed to file appellant's brief as required by the rules, and the county attorney filed another motion to dismiss the appeal. A copy of the motion was sent to the complainant Coffman who shortly thereafter filed his complaint with the office of the disciplinary administrator. The disciplinary administrator advised respondent of Coffman's complaint. The respondent, by way of explanation of the delay in processing the appeal, stated that he had not received the money from Coffman for the transcript until the fall of 1977.

In response to the State's motion to dismiss the appeal, the Court of Appeals requested respondent to answer the State's motion to dismiss. In his response, the respondent stated that he had made a good faith effort to prepare the appeal. On June 28, 1978, the Court of Appeals sustained the State's motion to dismiss the appeal. On July 6, 1978, respondent filed a motion in the Court of Appeals requesting that the complainant's appeal be reinstated. In that motion, the respondent stated that the evidence in the trial court against his client Coffman was overwhelming, that out of sympathy for his client, the respondent had agreed to look into the appeal but had concluded that an appeal would be fruitless. On July 20, 1978, the Court of Appeals reinstated complainant's appeal. On that same date, respondent filed the

brief of appellant with the Clerk of the Appellate Courts. In a letter dated July 27, 1978, Coffman terminated the respondent's services but, notwithstanding, respondent appeared and argued Coffman's case before the Court of Appeals. On March 16, 1979, the conviction was affirmed by the Court of Appeals.

On the basis of this undisputed evidence the matter was submitted to and determined by the disciplinary hearing panel. The panel found that the respondent did seriously neglect a legal matter entrusted to him in violation of Canon 6 and DR 6-101 (A)(3). The panel further found that the respondent had accepted money from the complainant and did not promptly and properly use the same for its entrusted purpose. The panel found that the respondent was thereby guilty of misconduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Canon 1 and DR 1-102 (A)(4). The panel further found that the gross delay in this matter and the failure of the respondent to carry out his duties on the appeal constituted conduct which adversely reflected upon respondent's fitness to practice law and was a violation of Canon 1 and DR 1-102 (A)(6) and a violation of Canon 7 and DR 7-101 (A)(2). The panel recommended that respondent be suspended indefinitely from the practice of law. The respondent then filed exceptions to the report, findings, and recommendations of the board, and the proceedings were docketed for hearing in this court.

The respondent raises three points: (1) The complaint filed against the respondent was not sufficiently clear and specific to inform the respondent of the alleged misconduct; (2) there was no credible evidence proving substantial misconduct on the part of the respondent; and (3) the actions of the respondent did not justify the imposition of discipline. At the beginning of the proceedings before the Kansas Board for Discipline of Attorneys, respondent filed a motion to dismiss the proceedings for the reason that the complaint was not specific enough to inform respondent of the exact nature of the charges against him. In our judgment, the complaint was sufficient, since it set out with particularity the basic factual situation out of which the charge arose. This is all that is required by our decision in *State v. Alvey,* 215 Kan. 460, 524 P.2d 747 (1974). In his letter to the disciplinary administrator, the complainant Coffman described with specificity the failure of the respondent to perfect his appeal and the fact

that a motion to dismiss the appeal had been filed by the county attorney. Likewise, the formal complaint filed by the disciplinary administrator sufficiently advised the respondent that he was charged with neglect and delay in his handling of the complainant's appeal in the appellate courts. From our examination of the letter of the complainant to the disciplinary administrator and the formal complaint filed, we find that the complaint was sufficient to advise the respondent as to the nature of the charge against him.

Turning now to a consideration of the evidence presented at the hearing, we have no hesitancy in holding that the evidence established professional misconduct on the part of the respondent in neglecting a legal matter entrusted to him in violation of Canon 6 and DR 6-101 (A)(3). It is obvious that respondent was honest in his belief that complainant did not have a meritorious appeal in his criminal case and apparently so advised his client. However, it is clear that the respondent agreed to undertake the appeal on Coffman's behalf and initiated the appeal proceedings by filing a notice of appeal. Respondent received $500 from Coffman for the purchase of a transcript which respondent did not order until the expiration of seven months after the money was received. If the respondent did not wish to undertake the appeal, he should have refused employment, but he did not do so. Having undertaken to represent Coffman on the appeal, the respondent had a duty to prosecute the appeal in a professional manner by complying with the appellate rules and seeing that the appeal was properly presented and determined. The evidence in the case is undisputed and established by documentary evidence. The respondent simply did not carry out his professional obligation to process the appeal and, therefore, he was guilty of neglect of a legal matter. The respondent violated Canon 6 and DR 6-101 (A)(3) of the Code of Professional Responsibility.

Taking the record as a whole, however, we cannot find by clear and convincing evidence that the respondent, Granger, engaged in misconduct involving dishonesty, fraud, deceit, or misrepresentation. The evidence does not establish that the respondent misused the $500 which was delivered to him by the complainant to purchase a transcript; he simply delayed the use of the funds for that purpose. The transcript was ultimately obtained and paid for. We thus find no evidence to support the finding of the panel

that respondent was guilty of misconduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Canon 1 and DR 1-102 (A)(4). We, likewise, cannot find that the respondent is unfit to practice law. The respondent felt strongly that his client did not have a basis to appeal his criminal conviction and he so advised his client. Respondent's mistake in judgment was in his undertaking to represent Coffman on the criminal appeal. He should have declined that representation and required Coffman to seek other counsel. However, once having undertaken the criminal appeal, it was respondent's professional duty to handle the appeal with diligence and in a professional manner.

Under all the circumstances, we have concluded that discipline by way of public censure is more appropriate for the respondent's misconduct than is indefinite suspension.

It is therefore by the court considered, ordered, and adjudged that Kerry J. Granger be and he is hereby censured by this court. The cost of this proceeding is taxed against the respondent and shall be paid forthwith.